CANDICE L. FIELDS
CANDICE FIELDS LAW, PC
400 Capitol Mall, Suite 1620
Sacramento, CA  95814
Tel:  (916) 414-8050
Fax: (916) 790-9450
Email: cfields@candicefieldslaw.com


Attorney for Defendant
YOU AN LI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>     v.<br><br>YOU AN LI,<br><br>    Defendant. | Case No. 2:17-CR-00136-DJC<br><br>MOTION FOR FUNDS FOR TRAVEL AND SUBSISTENCE FOR SENTENCING HEARING |

Defendant You An Li moves the Court for an order directing the United States Marshal to furnish funds for travel and subsistence for an October 16, 2025 court appearance where it is anticipated the Court will conduct Mr. Li's sentencing hearing. Mr. Li also requests an order reimbursing him and/or defense counsel for expenses related to that appearance that are not paid for through the United States Marshal. Mr. Li specifically requests funds for travel and subsistence from Wednesday, October 15, 2025 (arrival date), through Thursday, October 16, 2025 (departure date).

**1.    Factual and Procedural Background.**

Since July 2017, the defendant has been represented by attorney Candice Fields who was appointed pursuant to 18 U.S.C. § 3006A (the Criminal Justice Act ("CJA")). ECF No. 106. The CJA authorizes the provision of "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte

application." 18 U.S.C. § 3006A(e)(1).

The Superseding Indictment in this case charges the defendant with a violation of 21 U.S.C. § 846, 841(a)(1), Conspiracy to Manufacture at least 1,000 marijuana plants (Count One), three violations of 21 U.S.C. § 841(a)(1), Manufacture of at least 100 marijuana plants (Counts Four, Five, and Nine), violations of 18 U.S.C. § 1956(h), Conspiracy to Launder Money (Counts Twenty-One and Twenty-Four), and violations of 18 U.S.C. § 1956(a)(2)(A), International Money Laundering (Counts Twenty-Two, Twenty-Six, Twenty-Seven, and Twenty-Eight).

On August 22, 2024, the defendant pled guilty to Count Five of the Superseding Indictment. ECF 311, 317.

## 2. Authority for Funds.

The Court has authority to order funds for transportation and subsistence for indigent defendants who are ordered released "on a condition of . . . subsequent appearance before that Court" or of any other federal court "when the interests of justice would be served thereby . . . ." 18 U.S.C. § 4285. The full statute provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

The clear intent of the statute is to assure that indigent defendants have some means of attending Court when required and of having food, shelter, and return transportation costs covered. Thus, pursuant to § 4285, and 5 U.S.C. § 5702(a) (referenced therein), the Court may direct the United States Marshal to provide for transportation to Sacramento, as well to furnish the defendant with subsistence expenses for such required travel.

///

18 U.S.C. § 3006A authorizes the provision of "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). This Court has previously determined that this provision of the CJA authorized the payment for a defendant's lodging and return fare. ECF 305. Pursuant to § 3006A, the Court is authorized to order the disbursement of Criminal Justice Act (CJA) funds to furnish defense counsel, Candice Fields, with the cost of lodging, food, and incidental expenses while Mr. Li is in Sacramento, California between October 15 -16, 2025, in connection with his sentencing hearing on October 16, 2025. The Court is also authorized to order that CJA funds be disbursed for travel and subsistence to enable Mr. Li to return to his home in South Carolina when his court proceeding is completed (assuming remand is not ordered).

### 3.   Anticipated Budget and Requested Order.

Defense counsel has researched available flights and determined that it is possible to schedule roundtrip travel on October 15-26, 2025. Therefore, it is requested that the United States Marshal furnish travel for him on October 15, 2025, from Myrtle Beach, South Carolina (MYR) to Sacramento (SMF)– late morning/afternoon flight. For instance, Southwest Airlines flights 0477/2213 would be appropriate. Subsistence by the United States Marshal is requested on October 15, 2025. (It should be noted that Mr. Li speaks only Chinese and therefore it is requested that the Court order the U.S. Marshal to select a flight with only 1 stop instead of 2.)

Mr. Li also requests that CJA funds be utilized to reimburse defense counsel, Candice Fields, for the cost of lodging, food, and incidental expenses while Mr. Li is in Sacramento.

Additionally, Mr. Li requests that CJA funds be utilized to reimburse attorney Fields for the cost of Mr. Li's return flight back to his home in South Carolina. In that regard, on October 16, 2025, there is a flight from MSF to MYR (0662/1004) that departs at 9:15 p.m. and arrives at 10:05 a.m. for $387.

Therefore, it is respectfully requested that the Court order the following:

a. Pursuant to 18 U.S.C. § 4285, the United States Marshal shall furnish Mr. Li with the cost of travel from Georgetown, South Carolina to Sacramento, CA **on October 15, 2025**, so that he may attend Court on October 16, 2025.

b. Pursuant to 18 U.S.C. § 4285, the United States Marshal shall provide Mr. Li with subsistence expenses for this travel period not to exceed the amount authorized as per diem allowance for travel under 5 U.S.C. § 5702(a).

c. Pursuant to 18 U.S.C. § 3006A, disbursement of Criminal Justice Act (CJA) funds shall be furnished to defense counsel, Candice Fields, to reimburse her for the cost of lodging, food, and incidental expenses while Mr. Li is in Sacramento, California between October 15-16, 2025, in connection with his court appearance on October 16, 2025, and for travel and subsistence to enable Mr. Li to return to his home in South Carolina when that court proceeding is completed.

d. To the extent possible, advance authorization is approved for reimbursement of defense counsel for the following expenditures: Mr. Li's airfare back to South Carolina from Sacramento at $408, lodging on August 21, 2024, in Sacramento for approximately $175.00 including taxes/fees, one days' per diem at $64.50, $40.00 for transportation to SMF for the flight back to South Carolina (10 miles), and $85 for transportation from MYR to his home (36 miles).

The total amount to be reimbursed defense counsel for Mr. Li is anticipated to not exceed $772.50, plus reasonable expenses, fees, and taxes.

Respectfully submitted,

Dated:  September 17, 2025          CANDICE FIELDS LAW, PC

By:  /s/ Candice L. Fields
      CANDICE L. FIELDS
      Attorney for YOU AN LI

IT IS SO ORDERED.

Dated:     September 17, 2025          _____
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE